# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 226

Koffi Mande Yi Noum Duffi,                    Petitioner and Appellant

    v.

State of North Dakota,                    Respondent and Appellee

### No. 20250230

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Per Curiam.

Jamie L. Schaible, Fargo, ND, for petitioner and appellant.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**Per Curiam.**

[¶1] Koffi Mande Yi Noum Duffi appeals from an order denying him postconviction relief. Duffi, who is not a citizen of the United States, pleaded guilty to various crimes including burglary. He filed an application for postconviction relief seeking to withdraw his guilty pleas. He argued he received ineffective assistance of counsel because his defense attorney provided him with incorrect immigration advice. He claims avoiding deportation was essential to his decision to enter the guilty plea, and he would have decided to go to trial had he known of the immigration consequences of the burglary conviction.

[¶2] The district court found Duffi did not meet either prong of the test for establishing ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, an applicant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Isxaaq v. State*, 2021 ND 148, ¶ 9, 963 N.W.2d 260. "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Id.* ¶ 12 (quoting *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277).

[¶3] We conclude the district court did not err when it found Duffi failed to establish prejudice resulting from the purportedly deficient representation. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶4]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr